UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


BULE S. AHMED,

           Plaintiff,

    v.

UNITED PARCEL SERVICE,

           Defendant.

Case No. 3:14-cv-01231-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

    Plaintiff, Bule S. Ahmed, was granted *in forma pauperis* status (docket #2) and now has filed a Motion for Appointment of *Pro Bono* Counsel (docket #10). For the following reasons, that motion is denied with leave to renew at a later time.

     Generally, there is no constitutional right to counsel in a civil case. *United States v. $292,888.04*, 54 F3d 564, 569 (9th Cir 1995) ("*$292.888.04*"). However, pursuant to the Prison Litigation Reform Act, 28 USC § 1915(e)(1), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id*; *Wood v. Housewright*, 900 F2d 1332, 1335 (9th Cir 1990); *Wilborn v. Escalderon*, 789 F2d 1328, 1331 (9th Cir 1986). While this court may request volunteer counsel in exceptional circumstances, it has no power to make a

mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 US 296, 301-08 (1989). There are no funds available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved. *$292,888.04*, 54 F3d at 569; *Wood*, 900 F2d at 1335-36; *Wilborn*, 789 F2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F2d at 1331; *Terrell v. Brewer*, 935 F2d 1015, 1017 (9th Cir 1991).

Plaintiff has filed a form Complaint for Employment Discrimination alleging that he was discriminated against and harassed by his former employer from November 12, 2012, to July 9, 2013, based on his national origin and religion in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, and Oregon law, ORS 659A.030. He has filed a Notice of Right to Sue letter (docket #11) from the Oregon Bureau of Labor and Industries dated May 2, 2014, making his Complaint timely filed. His claims are sufficiently alleged for this court and defendant to comprehend and address his legal theories.

In support of his motion, plaintiff states that he has sought legal counsel but "was unable to afford travel costs, consultation fees, and continued [*sic*] lawyer search." If plaintiff prevails on his claim either under federal or state law, the governing statutes allow him to recover his attorney fees. Given that incentive, plaintiff should be able to find an attorney to represent him on a contingency fee basis which does not require them to pay attorney fees. Plaintiff is urged to contact the Lawyer Referral Services listed on the last page of the Guide for Self-Represented Parties found on the court's website under "Representing Yourself in Court."

If circumstances change after defendant has filed its appearance, then the court may reconsider whether to appoint *pro bono* counsel for plaintiff upon a more detailed showing of efforts made by him to obtain legal counsel.  However, at this stage of the proceedings, there are no exceptional circumstances warranting the plaintiff's effort to obtain volunteer counsel. Therefore, plaintiffs' Motion for Appointment of *Pro Bono* Counsel (docket #10)  is DENIED.

DATED  August 20, 2014.


s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge