# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

**BULE S. AHMED,**

          Plaintiff,

     v.

**UNITED PARCEL SERVICE INC.,**

          Defendant.

Case No. 3:14-cv-1231-ST

**FINDINGS AND
RECOMMENDATION**

**STEWART, Magistrate Judge:**

## INTRODUCTION

Plaintiff, Bule S. Ahmed, appearing *pro se*, filed a Complaint for Employment Discrimination alleging claims against his former employer, United Parcel Service Inc. ("UPS"), for discrimination and harassment based on his national origin and religion under Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e-2000e17, and under Oregon's Unlawful Employment Discrimination Law, ORS 659A.030. This court has federal question jurisdiction under 28 USC § 1331.

Shortly after this court denied Ahmed's Motion for Appointment of Counsel with leave to renew (docket #12), UPS filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) (docket #15). For the reasons set forth below, that motion should be denied.

## STANDARDS

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 570 (2007). When reviewing this complaint, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F3d 1068, 1072 (9th Cir 2005), citing *Cervantes v. United States*, 330 F3d 1186, 1187 (9th Cir 2003).

A court must liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 883 (9th Cir 1991). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Ashcroft*, 566 US at 678, quoting *Twombly*, 550 US at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## FINDINGS

As facts to support his claims, Ahmed alleges that during his employment at UPS "from November 12, 2012, to July 9, 2013, as a day sorter on the day shift, the manager would harass,

intimidate, push me over, isolate me and threaten me [with] firing for being sick.  The supervisor would cut me off, taunt me, give me bad scanner, withhold his phone number and not send help when I am overwhelmed."  He further alleges that this conduct has caused him mental distress and seeks damages of more than $10,000.00.

UPS seeks to dismiss Ahmed's claims for failure to allege harassment or disparate treatment because of his status in a protected class.  Under Title VII and its Oregon statutory counterpart,  "an employee has a 'right to work in an environment free from discriminatory intimidation, ridicule, and insult.'"  *Woods v. Graphic Comms.*, 925 F2d 1195, 1202 (9th Cir 1991), quoting *Meritor Savings Bank v. Vinson*, 477 US 57, 65 (1986).  To state a *prima facie* case for his harassment or hostile work environment claim, Ahmed must allege and prove that: (1) he was subjected to verbal or physical conduct based on his national origin or race; (2) the conduct was unwelcome (or subjectively offensive); and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment (or objectively offensive).  *Surrell v. Ca. Water Serv. Co.*, 518 F3d 1097, 1108 (9th Cir 2008), citing *Manatt v. Bank of Am., N.A.*, 339 F3d 792, 798 (9th Cir 2003).

Although Ahmed alleges discrimination and harassment based on his national origin and religion, he neither identifies his national origin or religion nor mentions any statements or epithets referring to his national origin or religion.  Admittedly, Ahmed's factual allegations are bare-boned, but they do reveal that he was subjected to unwelcome verbal and physical conduct by his manager, presumably resulting in his termination.  Liberally construing his allegations and affording him the benefit of any doubt, it is reasonable to assume that he believes that this conduct occurred because of his national origin and/or religion.  He completed all required portions of the form Complaint approved by this court for use by *pro se* litigants.  These

allegations are sufficient to advise UPS of the nature of Ahmed's claims, especially since Ahmed filed a claim with the Oregon Bureau of Labor and Industries and timely filed this action within 90 days after receiving a Notice of Right to Sue (docket #11).  At this juncture, it is too early to conclude that Ahmed can prove no set of facts which would entitle him to relief.

## RECOMMENDATION

For the reasons set forth above, UPS's Motion to Dismiss Pursuant to FRCP 12(b)(6) (docket #15) should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Monday, November 24, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  November 5, 2014.


s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge


4 – FINDINGS AND RECOMMENDATION